IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:16cv20727

ISRAEL GARCIA, individually and on
behalf of a class of similarly situated individuals,

Plaintiff,

v.

TARGET CORPORATION, a Minnesota
corporation,

Defendant.

_____/

**CLASS ACTION COMPLAINT**

Plaintiff Israel Garcia brings this class action complaint against Target Corporation ("Defendant" or "Target") to stop Defendant's unlawful debt collection practices in the form of unauthorized telephone calls using an automatic telephone dialing system ("ATDS"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1. In an effort to increase its recovery on delinquent accounts, Defendant, a nationwide retailer, violated federal law by making unauthorized automated telephone calls using an ATDS ("robocalls") to the cellular telephones of individuals throughout the nation.

2. By effectuating these unsolicited robocalls, Defendant has violated the called parties' statutory and privacy rights and has caused the call recipients actual harm, not only

1

because the called parties were subjected to the aggravation and invasion of privacy that necessarily accompanies unsolicited calls, but also because the recipients frequently have to pay their cell phone service providers for receiving the calls.

3. In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), which protects the privacy right of consumers to be free from receiving unsolicited automated telephone calls.

4. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease placing unauthorized automated telephone calls using "predictive dialing" technology to the cellular telephones of individuals who were never a Target customer, and an award of the greater of actual or statutory damages to the members of the class, together with costs and reasonable attorneys' fees, as well as pre-judgment interest from the date of filing this suit.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

6. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because Defendant is registered to conduct business in this District; Defendant maintains offices in this District; and because a substantial part of the events concerning the conduct at issue occurred in this District, as the calls at issue were received utilizing technology located in this District.

## PARTIES

7. Plaintiff is domiciled in Texas.

8.      Defendant Target is a nationwide retailer.  It is a Minnesota corporation with its principal place of business located in Minnesota.  Defendant conducts business in this District, and conducts business elsewhere throughout the United States.

**COMMON ALLEGATIONS OF FACT**

9.      Defendant is a nationwide retailer that operates department stores across the country.

10.     As an ordinary business practice, Defendant obtains the telephone numbers of its customers which are then used as part of its automated-calling debt collection operation if the customer's account becomes delinquent.

11.     In an effort to increase recovery and reduce costs associated with operating its automated-calling debt collection operation, Defendant does not utilize procedures necessary to confirm that the telephone numbers to which Defendant makes robocalls actually belong to the debtors who allegedly provided them prior to Defendant making such robocalls.

12.     As a consequence, many of the telephone numbers Defendant receives in connection with its debt collection operation are inaccurate, or have become inaccurate, and result in Defendant routinely placing automated telephone calls to individuals who never provided consent to be called by Defendant.

13.     In addition to being an aggravating invasion of privacy, unsolicited automated telephone calls can actually cost recipients money because cell phone users like Plaintiff have to pay their respective wireless service providers for the calls they receive, incur a usage deduction, or pay a fixed or variable usage fee, regardless of whether the call is authorized.

14.     For instance, beginning in or about March 2015, in an apparent effort to collect on

a debt that did not belong to Plaintiff, Defendant began calling Plaintiff's cellular telephone.

15. Specifically, on multiple occasions, Plaintiff's cell phone rang, indicating that he was receiving a phone call from 952-852-0005, a phone number associated with Defendant's automated-calling debt collection operation.

16. When Plaintiff would answer the phone calls from Defendant, he frequently encountered "dead air" and was not connected to a live representative. On a few occasions Plaintiff heard a long pause before Defendant's system attempted to connect him to one of Defendant's representatives.

17. Upon information and belief, Defendant places these automated debt collection calls, including the calls made to Plaintiff, *en masse* using "predictive dialing" technology, which automatically places calls without human intervention until the called party answers the call, at which time the automatic dialer attempts to connect the called party with a human representative. If no human representative is available the called party will experience a long pause until he or she is connected to a human representative, or dead air if no representative is available to be connected.

18. Since receiving the initial phone call in or about March 2015, Plaintiff has repeatedly had his privacy invaded by Defendant, receiving the same or similar telephone calls on his cellular telephone over 60 times from March 2015 through July 2015.

19. On numerous occasions, upon answering the phone, Plaintiff requested that Defendant stop calling him but no representative would come on the line.

20. At no time did Plaintiff provide Defendant with consent to place any telephone calls, including any calls made through an ATDS, to his cellular telephone number.

...

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and a national class (the "Class") defined as follows: All persons in the United States and its territories who, within four years prior to the commencement of this litigation, received one or more telephone calls from Defendant on their cellular telephone through an automated telephone dialing system where the called party was not the same individual who, according to Defendant's records, provided the phone number to Defendant.

22. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

23. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

24. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to

ensure compatible standards of conduct toward the members of the Class, and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

25. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class. Plaintiff and the other members of the Class have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

26. Upon information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

27. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

(a) Did Defendant place calls using an automatic telephone dialing system?

(b) Did Defendant place calls using an automatic telephone dialing system to persons who did not previously provide Defendant with consent to receive such calls on their respective cellular telephone numbers?

(c) Did the unauthorized calls made by Defendant violate the TCPA?

(d) Was Defendant's conduct in violation of the TCPA willful such that the members of the Class are entitled to treble damages?

(e) Should Defendant be enjoined from continuing to engage in such conduct?

## COUNT I

**Violation of Telephone Consumer Protection Act (47 U.S.C. § 227)
on behalf of Plaintiff and the Class**

28. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

29. Defendant made unsolicited telephone calls without prior express consent using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Class. Each such automated call was made using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers without human intervention.

30. Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

31. As a result of Defendant's illegal conduct, the members of the Class have had their privacy rights violated, have suffered actual and statutory damages and, under 47 U.S.C. §227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

32. To the extent Defendant knew or should have known that the members of the Class did not provide prior express consent to receive the unauthorized robocalls at issue, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for the following relief:

A. An order certifying the Class as defined above;

B. An award of the greater of actual or statutory damages;

C. An injunction requiring Defendant to cease placing unauthorized automated telephone calls using "predictive dialing" technology to the cellular telephones of individuals who were never a Target customer;

D. Pre-judgment interest from the date of filing this suit;

E. An award of reasonable attorneys' fees and costs; and

F. Such further and other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

February 27, 2016                    ISRAEL GARCIA, individually and on behalf of a class of similarly situated individuals

/s/ David P. Healy
One of His Attorneys

David P. Healy (940410)
Dudley, Sellers, Healy & Heath, PLLC
SunTrust Financial Center
3522 Thomasville Rd., Suite 301
Tallahassee, Florida 32309
Tel: (850) 222-5400
Fax: (850) 222-7339
dhealy@davidhealylaw.com