UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-cv-20727-JEM (Martinez/Goodman)

---

Israel Garcia, individually and on behalf of
a class of similarly situated individuals,

       Plaintiff,

  v.

Target Corporation,

       Defendant.

---

### DEFENDANT TARGET CORPORATION'S ANSWER

---

### General Denial

Defendant Target Corporation, for its answer to the Class Action Complaint (Feb. 27, 2016), denies every allegation except as this pleading admits, qualifies, or otherwise answers.

For this pleading's purposes, "Target" means Defendant Target Corporation.

### General Defense

**¶ 1**

*Allegation*: In an effort to increase its recovery on delinquent accounts, Defendant, a nationwide retailer, violated federal law by making unauthorized automated telephone calls using an ATDS ("robocalls") to the cellular telephones of individuals throughout the nation.

*Answer:* Target denies the allegations in paragraph 1.

¶ 2

*Allegation*: By effectuating these unsolicited robocalls, Defendant has violated the called parties' statutory and privacy rights and has caused the call recipients actual harm, not only because the called parties were subjected to the aggravation and invasion of privacy that necessarily accompanies unsolicited calls, but also because the recipients frequently have to pay their cell phone service providers for receiving the calls.

*Answer:* Target denies the allegations in paragraph 2.

¶ 3

*Allegation*: In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), which protects the privacy right of consumers to be free from receiving unsolicited automated telephone calls.

*Answer:* Target admits that "Plaintiff . . . brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the 'TCPA')," but otherwise denies the allegations in paragraph 3.

¶ 4

*Allegation*: On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease placing unauthorized automated telephone calls using "predictive dialing" technology to the cellular telephones of individuals who were never a Target customer, and an award of the greater of actual or statutory damages to the members of the class, together with costs and reasonable attorneys' fees, as well as pre judgment interest from the date of filing this suit.

*Answer:* Target denies that Mr. Garcia or the alleged class is entitled to the relief requested, and therefore denies the allegations in paragraph 4.

Jurisdiction and Venue

¶ 5

*Allegation*: This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

*Answer:* Target admits the allegations in paragraph 5.

¶ 6

*Allegation*: Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because Defendant is registered to conduct business in this District; Defendant maintains offices in this District; and because a substantial part of the events concerning the conduct at issue occurred in this District, as the calls at issue were received utilizing technology located in this District.

*Answer:* Target denies the allegations in paragraph 6.

Parties

¶ 7

*Allegation*: Plaintiff is domiciled in Texas.

*Answer:* Target lacks knowledge or information sufficient to form a belief about

the truth of the allegations in paragraph 7.

¶ 8

*Allegation*: Defendant Target is a nationwide retailer. It is a Minnesota corporation with its principal place of business located in Minnesota. Defendant conducts business in this District, and conducts business elsewhere throughout the United States.

*Answer:* Target admits the allegations in paragraph 8.

Common Allegations of Fact

**¶ 9**

*Allegation*: Defendant is a nationwide retailer that operates department stores across the country.

*Answer:* Target admits the allegations in paragraph 9.

**¶ 10**

*Allegation*: As an ordinary business practice, Defendant obtains the telephone numbers of its customers which are then used as part of its automated-calling debt collection operation if the customer's account becomes delinquent.

*Answer:* Target denies that "[a]s an ordinary business practice, Defendant obtains the telephone numbers of its customers," but otherwise admits the allegations in paragraph 10.

**¶ 11**

*Allegation*: In an effort to increase recovery and reduce costs associated with operating its automated-calling debt collection operation, Defendant does not utilize procedures necessary to confirm that the telephone numbers to which Defendant makes robocalls actually belong to the debtors who allegedly provided them prior to Defendant making such robocalls.

*Answer:* Target denies the allegations in paragraph 11.

**¶ 12**

*Allegation*: As a consequence, many of the telephone numbers Defendant receives in connection with its debt collection operation are inaccurate, or have become inaccurate, and result in Defendant routinely placing automated telephone calls to individuals who never provided consent to be called by Defendant.

*Answer:* Target denies the allegations in paragraph 12.

¶ 13

*Allegation*: In addition to being an aggravating invasion of privacy, unsolicited automated telephone calls can actually cost recipients money because cell phone users like Plaintiff have to pay their respective wireless service providers for the calls they receive, incur a usage deduction, or pay a fixed or variable usage fee, regardless of whether the call is authorized.

*Answer:* Target lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

¶ 14

*Allegation*: For instance, beginning in or about March 2015, in an apparent effort to collect on a debt that did not belong to Plaintiff, Defendant began calling Plaintiff's cellular telephone.

*Answer:* Target lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

¶ 15

*Allegation*: Specifically, on multiple occasions, Plaintiff's cell phone rang, indicating that he was receiving a phone call from 952-852-0005, a phone number associated with Defendant's automated-calling debt collection operation.

*Answer:* Target admits that "952-852-0005" is "a phone number associated with [its] automated-calling debt collection operation," but otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

¶ 16

*Allegation*: When Plaintiff would answer the phone calls from Defendant, he frequently encountered "dead air" and was not connected to a live representative. On a few occasions Plaintiff heard a long pause before Defendant's system attempted to connect him to one of Defendant's representatives.

5

*Answer:* Target lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.

¶ 17

*Allegation*: Upon information and belief, Defendant places these automated debt collection calls, including the calls made to Plaintiff, en masse using "predictive dialing" technology, which automatically places calls without human intervention until the called party answers the call, at which time the automatic dialer attempts to connect the called party with a human representative. If no human representative is available the called party will experience a long pause until he or she is connected to a human representative, or dead air if no representative is available to be connected.

*Answer:* Target denies that it "places . . . automated debt collection calls . . . en masse," but otherwise admits the allegations in paragraph 17's first sentence. Target denies the allegations in paragraph 17's second sentence.

¶ 18

*Allegation*: Since receiving the initial phone call in or about March 2015, Plaintiff has repeatedly had his privacy invaded by Defendant, receiving the same or similar telephone calls on his cellular telephone over 60 times from March 2015 through July 2015.

*Answer:* Target lacks knowledge or information sufficient to form a belief about whether "Plaintiff . . . receiv[ed] the same or similar telephone calls on his cellular telephone over 60 times from March 2015 through July 2015," and otherwise denies the allegations in paragraph 18.

¶ 19

*Allegation*: On numerous occasions, upon answering the phone, Plaintiff requested that Defendant stop calling him but no representative would come on the line.

*Answer:* Target lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 and, in further answer to those allegations, denies that a communication made with "no representative . . . on the line" can constitute a "request" in any meaningful way.

**¶ 20**

*Allegation*: At no time did Plaintiff provide Defendant with consent to place any telephone calls, including any calls made through an ATDS, to his cellular telephone number.

*Answer:* Target lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20.

Class Action Allegations

**¶ 21**

*Allegation*: Plaintiff brings this action pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and a national class (the "Class") defined as follows: All persons in the United States and its territories who, within four years prior to the commencement of this litigation, received one or more telephone calls from Defendant on their cellular telephone through an automated telephone dialing system where the called party was not the same individual who, according to Defendant's records, provided the phone number to Defendant.

*Answer:* Target denies that this lawsuit satisfies the referenced rules' requirements, and denies that the proposed class is ascertainable, and therefore denies the allegations in paragraph 21.

**¶ 22**

*Allegation*: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

*Answer:* Target denies the allegations in paragraph 22's first sentence. Target lacks knowledge or information sufficient to form a belief about the truth of the other allegations in paragraph 22.

**¶ 23**

*Allegation*: Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

*Answer:* Target denies the allegations in paragraph 23.

**¶ 24**

*Allegation*: Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

*Answer:* Target denies the allegations in paragraph 24.

**¶ 25**

*Allegation*: The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class. Plaintiff and the other members of the Class have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

*Answer:* Target denies the allegations in paragraph 25.

¶ 26

*Allegation*: Upon information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

*Answer:* Target denies the allegations in paragraph 26.

¶ 27

*Allegation*: There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:
    (a)    Did Defendant place calls using an automatic telephone dialing system?
    (b)    Did Defendant place calls using an automatic telephone dialing system to persons who did not previously provide Defendant with consent to receive such calls on their respective cellular telephone numbers?
    (c)    Did the unauthorized calls made by Defendant violate the TCPA?
    (d)    Was Defendant's conduct in violation of the TCPA willful such that the members of the Class are entitled to treble damages?
    (e)    Should Defendant be enjoined from continuing to engage in such conduct?

*Answer:* Target denies the allegations in paragraph 27.

Count I
Violation of Telephone Consumer Protection Act (47 U.S.C. § 227)
on behalf of Plaintiff and Class

¶ 28

*Allegation*: Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

*Answer:* For its answer to the allegations in paragraph 28, Target adopts by reference its statements in answer to the allegations that paragraph 28 adopts by reference.

**¶ 29**

*Allegation*: Defendant made unsolicited telephone calls without prior express consent using an automatic telephone dialing system to the cellular telephone numbers of Plaintiff and the other members of the Class. Each such automated call was made using equipment that had the capacity at the time the calls were placed to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers without human intervention.

*Answer:* Target denies the allegations in paragraph 29.

**¶ 30**

*Allegation*: Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

*Answer:* Target denies the allegations in paragraph 30.

**¶ 31**

*Allegation*: As a result of Defendant's illegal conduct, the members of the Class have had their privacy rights violated, have suffered actual and statutory damages and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

*Answer:* Target denies the allegations in paragraph 31.

**¶ 32**

*Allegation*: To the extent Defendant knew or should have known that the members of the Class did not provide prior express consent to receive the unauthorized robocalls at issue, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

*Answer:* Target denies the allegations in paragraph 32.

**First Additional Defense**
**Inconvenient Forum**

33.  This judicial district is an inappropriate and inconvenient forum for this lawsuit.

34. The Plaintiff does not reside in this judicial district.

35. An adequate alternative forum exists in which this case might have been brought.

36. The Parties' and witnesses convenience, and the interest of justice, support a transfer to a more appropriate and convenient judicial district.

## Second Additional Defense
## Failure to State a Claim

37. The complaint fails to state a claim upon which relief can be granted.

## Third Additional Defense
## Prior Express Consent

38. Target obtained prior express consent before making calls using an automatic telephone dialing system or an artificial or prerecorded voice to any cellular telephone.

## Demand for Jury Trial

Target demands a trial by jury of each issue so triable.

## Prayer for Relief

Wherefore Target respectfully prays for a judgment in its favor, for its costs and disbursements herein, and for such other and further relief as may be just and equitable.

March 24, 2016.

                                                                                                                             DYKEMA GOSSETT PLLC

                                                                                                                             s/ Brian Melendez
                                                                                                                             _____
Brian Melendez, Fla. Bar No. 0103559
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Ph. 612.486.1589
Fax 866.637.2804
bmelendez@dykema.com

                                     in association with

BOWMAN AND BROOKE LLP
Charles P. Flick, Fla. Bar No. 253324,
   charles.flick@bowmanandbrooke.com
Shawn Y. Libman, Fla. Bar No. 10544,
   shawn.libman@bowmanandbrooke.com
Suite 800
Two Alhambra Plaza
Miami, FL 33134
Ph. 305.995.5600
Fax 305.995.6100

Attorneys for Defendant
   Target Corporation

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on March 24, 2016, on all counsel or parties of record on the Service List below.

March 24, 2016.

                                                    DYKEMA GOSSETT PLLC

                                                  /s/ Brian Melendez
                                                  _____
                                                  Brian Melendez, Fla. Bar No. 0103559

## Service List

David Patrick Healy
2846-B Remington Green Circle
Tallahassee, FL 32308

4817-1814-0463.1
ID\MELENDEZ, BRIAN - 110048\000086