# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Israel Garcia, individually and on behalf of a class of similarly situated individuals,<br><br>           Plaintiff,<br><br>v.<br><br>Target Corporation, a Minnesota corporation,<br><br>           Defendant. | Civ. No. 16-2574 (MJD/BRT)<br><br><br>**ORDER** |

On August 28, 2018, this Court held a hearing on Plaintiff's Motion to Compel Discovery. (Doc. Nos. 84, 97.) At the hearing, the parties reached an agreement on the exchange of ESI relating to account notes and dialer caller logs. At the same time as the hearing on Plaintiff's motion to compel, the Court also held a hearing on a nearly identical motion in a related case. (*See Diaz-Lebel v. Target*, Civ. No. 17-5110, Doc. Nos. 227, 266.) The Court issued an Order on the motion in that case that granted the plaintiff access to more information than was agreed to by the parties in the instant case. While the Court appreciates the importance of the parties' agreement in this case, in the interests of fairness and comity, the Court will order the same production in this case as was ordered in *Diaz-Lebel*. Defendant's counsel must provide Plaintiff's counsel with a copy of the *Diaz-Lebel* Order.

Therefore, Plaintiff's Motion to Compel (Doc. No. 84) is **GRANTED IN PART** and **DENIED IN PART**. Target must produce all of the "Bucket One" records and at

least 1,000 corresponding account records in 2016 from "Bucket Two."[1] Target must collect and preserve, but not produce, all account records in 2016 in the event it is necessary to cross-reference additional 2016 records, via a showing of sufficient good cause.[2] While this Court understands that this is a burden to Target, the balance of the burden with the benefit warrants this approach. Target's confidentiality concerns regarding mass production of hundreds of thousands or even tens of thousands of account records is also addressed by this approach. The parties must work to confirm protective order protocol for the production no later than September 4, 2018. Defendant must produce the material to Plaintiff by September 14, 2018. With that, discovery is closed.

Plaintiff also requested leave to conduct a 30(b)(6) deposition of Target after the close of discovery. (Doc. No. 85, Pl.'s Mot. 13–14.) As discussed at the hearing, this request is **GRANTED**.

Finally, Plaintiff requested an extension of time to move for class certification. This request is **GRANTED**. Plaintiff's Motion for Class Certification must be filed by **September 27, 2018**. All other applicable requirements and deadlines set forth in the Court's September 19, 2016 Pretrial Scheduling Order (Doc. No. 36), May 3, 2018 Amended Pretrial Scheduling Order (Doc. No. 68), and August 3, 2018 Corrected Second Amended Pretrial Scheduling Order (Doc. No. 83), remain in full force and effect.

---

[1] During the hearing the wrong number records were referred to as "Bucket One" and the corresponding account records were referred to as "Bucket Two."

Date: August 30, 2018.

                                        *s/ Becky R. Thorson*
                                        BECKY R. THORSON
                                        United States Magistrate Judge

---

[2] If a party wishes to pursue such a request, that request would need to be made following a meet and confer by motion. The motion would need to seek to amend the scheduling order to permit examination.