UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ISRAEL GARCIA, individually and on
behalf of a class of similarly situated individuals,

        Plaintiff,        No.: 16-CV-02574-MJD-BRT

    v.

TARGET CORPORATION, a Minnesota
corporation,

        Defendant.

---

# ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This matter having come before the Court on *Plaintiff's Unopposed Motion in Support of Final Approval of Class Action Settlement* and *Plaintiff's Unopposed Motion for Award of Attorney's Fees and Costs, and Service Award* (the "Motions"), the Court having reviewed in detail and considered the Motions, Plaintiff's Memorandums in Support of the Motions, the Class Action Settlement Agreement ("Settlement Agreement") between Plaintiff Israel Garcia and Defendant Target Corporation (together, the "Parties"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the

1

Motions, Memorandums in Support of Motions, and finding good cause, hereby issues an Order as follows:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this case, all claims raised therein, and all Parties thereto, including the members of the Settlement Class.

3. The Court finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 are satisfied, including requirements for the existence of numerosity, commonality, typicality, adequacy of representation, manageability of the Settlement Class for settlement purposes, that common issues of law and fact predominate over individual issues, and that Settlement and certification of the Settlement Class is superior to alternative means of resolving the claims and disputes at issue in this case.

4. The Settlement Class, which will be bound by this Final Approval Order, shall include all members of the Settlement Class who did not submit a timely and valid request for exclusion. The members of the Settlement Class who

have timely requested exclusion are identified in <u>Exhibit A</u> hereto.

5. Plaintiff Israel Garcia shall serve as Class Representative of the Settlement Class.

6. The Court appoints the following counsel as Class Counsel on behalf of Plaintiff and the Settlement Class: Myles McGuire, Evan M. Meyers, Eugene Y. Turin of McGuire Law, P.C.; Daniel M. Hutchinson of Lieff Cabraser Heimann & Bernstein, LLP; Aaron Siri of Siri Glimstad LLP; Jarrett L. Ellzey of Hughes Ellzey, LLP; and Robert K. Shelquist of Lockridge Grindal Nauen, PLLP.

7. For purposes of the Settlement and this Final Approval Order, the Settlement Class is defined as:

> All individual and entities in the United States and its Territories who received non emergency debt collection calls from or on behalf of Target between March 27, 2012 and May 15, 2018 on their cellular telephone and who were not the debtor on the account, as evidenced by a "wrong party" release code in Target's records, and who subsequently never consented to receive such calls.

8. The Court finds that the Notice Plan set forth in Section 4 of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of this case, certification of the Settlement Class for settlement purposes only, the terms

of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

9. The Court finds that the Settlement, as set forth in the Settlement Agreement and this Order satisfies each of the requirements of Fed. R. Civ. P. 23(e)(2) and is in all respects fair, reasonable, adequate and in the best interests of the Settlement Class, taking into account the risks that both sides faced with respect to the merits of the claims alleged and remedies requested, the risks of maintaining a class action, and the expense and duration of further litigation. This finding is further supported by the fact that no class member has objected to the settlement. The Court further finds that the Class Representative and Class Counsel have at all times adequately represented the Class and the settlement negotiations that resulted in the Settlement were at all times conducted at arm's length. The Court also finds that Class Counsel have identified all required agreements related to the Settlement and that, because the Settlement provides an equal pro rata distribution of the Settlement funds, the Settlement treats all Class Members equitable to one another. For these reasons the Court grants final approval of the Settlement. The Parties shall effectuate the Settlement Agreement

according to its terms.  The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

10. Upon the Effective Date, the Releasing Parties shall have, by operation of this Final Approval Order, fully, finally and forever released, relinquished, and discharged the Released Parties from all Released Claims pursuant to Section 3 of the Settlement Agreement.

11. The Releasing Parties are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Claim against any of the Released Parties.

12. This Final Approval Order, the Final Judgment, the Settlement Agreement, the Settlement which it reflects, and any and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as or used as an admission by or against Target Corporation or any other Released Party of any fault, wrongdoing, or liability on their part, or of the validity of any Released Claim or of the existence or amount of damages.

13. The claims of the Plaintiff Class Representative and all members of the Settlement Class in this case are hereby dismissed in their entirety with

prejudice.  Except as otherwise provided in this Order the Parties shall bear their own costs and attorneys' fees.  The Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement, including any releases in connection therewith and any other matters related or ancillary to the foregoing.

14.	Having reviewed the Motion for Award of Attorneys' Fees and Costs, and Service Award, the Court approves payment of attorneys' fees and costs in the amount of $1,938,750.00.  This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.  The Court, having considered the materials submitted by Class Counsel in support of their Motion for Final Approval and Motion for Award of Attorneys' Fees and Costs, and Service Award, finds the award of attorneys' fees and costs appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class.  Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel.  Third, the Court concludes that the Settlement was negotiated at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefit for the Settlement Class Members.

Finally, the Court notes that the Class Notice specifically and clearly advised the Settlement Class of the amount sought.

15. The Court approves an Incentive Award for the Class Representative Israel Garcia in the amount of $10,000.00. The Court specifically finds such amount to be reasonable in light of the services performed by the Class Representative for the Settlement Class, including taking on the risks of litigation, helping achieve the compensation being made available to the Settlement Class, and providing discovery. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

16. The Court finds that the Parties, through the Settlement Administrator, provided Class Action Fairness Act notice to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 on July 1, 2019, which was within ten days of the filing of the Preliminary Approval Motion. (Dkt. 179.)

17. The Court finds that no reason exists for delay in entering this Final Order. Accordingly, the Clerk is directed to enter this Final Order and the accompanying Final Judgment.

18. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions

of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Order and Final Judgment and do not limit the rights of the Settlement Class Members.

19. Without affecting the finality of this Final Order or the Final Judgment for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Order and accompanying Final Judgment, and for any other necessary purpose.

IT SO ORDERED.

Dated: January 27, 2020.

<u>s/ Michael J. Davis</u>
Michael J. Davis
United States District Court